UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID HUTCHINSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00222-SEB-MJD |
| | ) | |
| REBECCA NALE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT ALAC'S MOTION TO DISMISS**

Now before the Court is the Motion to Dismiss [Dkt. 14] filed by Defendant Vesna Alac. This case arises following a contentious custody dispute between Plaintiff David Hutchinson and Ms. Alac, Mr. Hutchinson's ex-wife. Plaintiffs David and Sarah Hutchinson, a married couple, have brought this action against Ms. Alac and several members of the Indiana Department of Child Services. We address in this order only those claims alleged against Ms. Alac,[1] which are state law claims for defamation and abuse of process based on statements allegedly made by Ms. Alac accusing Mr. Hutchinson of sexually abusing their child, M.H. Plaintiffs maintain that these statements were false, and that Ms. Alac intentionally spread those false accusations with the intent that they would be reported to DCS to aid her in the underlying custody case. For the reasons detailed below, we **DENY** Defendant Alac's Motion to Dismiss.

---

[1] The pending motion to dismiss filed by the employees of the Indiana Department of Child Services named as defendants in this action will be addressed by the Court in due course.

1

## **Factual Background**

In 2022, Mr. Hutchinson and Ms. Alac were engaged in an acrimonious custody dispute regarding their then-sixteen-year-old child, M.H. On March 3, 2022, Ms. Alac "told others" that Mr. Hutchinson had sexually abused M.H., that allegation was later the same day reported by an unnamed individual to the Indiana Department of Child Services ("DCS"). Three days prior to making this allegation, Ms. Alac had filed a petition seeking to have her child support doubled. She and Mr. Hutchinson were also scheduled to complete a court-ordered custody evaluation sometime shortly thereafter, in part to determine whether Ms. Alac was acting to alienate M.H. from the Hutchinsons. The complaint alleges that Ms. Alac's accusation that Mr. Hutchinson had sexually abused M.H. was false, and that Ms. Alac intentionally spread this false allegation with the intent that it would be communicated to DCS in order to cause DCS to conduct an investigation into Mr. Hutchinson that would aid her in their custody dispute.

Following the sexual abuse report, DCS opened an investigation into the allegations against Mr. Hutchinson, which allegations were substantiated in April 2022. Plaintiffs allege that, as a result, Mr. Hutchinson was placed on the Child Protection Index and Ms. Alac used the substantiation to advance her legal interests in their custody and child support dispute. Mr. Hutchinson administratively appealed the substantiation and in February 2023 the allegations against him were unsubstantiated. Plaintiffs allege that Ms. Alac's actions alienated M.H. from them, caused them severe emotional distress, and damaged Mr. Hutchinson's ability to work in his profession.

On February 1, 2024, Plaintiffs filed their complaint, alleging state law claims for defamation and abuse of process against Ms. Alac. Now before the Court is Defendant Alac's motion to dismiss, which is ripe for ruling.

## Legal Analysis

### I.  Applicable Legal Standard

Defendant Alac has filed her motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* FED. R. CIV. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one

---

[2] Ms. Alac's motion also references Rule 12(b)(1), stating that one of the "essential questions" for the Court to answer is whether the complaint "plausibly implicates the Court's jurisdiction," but the briefing contains no further argument regarding jurisdiction. Dkt. 14 at 6. On August 30, 2024, we ordered the parties to file a joint jurisdictional statement, confirming their citizenship so that the Court could determine whether diversity jurisdiction exists. The parties filed their join statement on September 9, 2024, confirming that Plaintiffs are citizens of Indiana and Defendant Alac is a citizen of Kentucky. Because complete diversity exists as to the claims alleged against Ms. Alac and more than $75,000, excluding interest and costs, is alleged to be in controversy, diversity jurisdiction is properly exercised over those claims. Ms. Alac has put forth no other grounds for dismissal under Rule 12(b)(1).

3

which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II.     Discussion

Initially, we must examine a choice-of-law issue regarding whether the law of Kentucky or of Indiana should apply; we do so both to determine the statute of limitations and to analyze the merits of Plaintiffs' claims. Ms. Alac seeks dismissal of the defamation and abuse of process claims against her on the basis that they are untimely under Kentucky law, but, even if not barred by the statute of limitations, the facts alleged in the complaint are not sufficient to state a claim under well-established Kentucky law. Plaintiffs rejoin that Indiana law, not Kentucky law, governs their claims and that Ms. Alac has not argued that Plaintiffs' claims are time-barred or fail to state a claim under Indiana law.

"[B]efore entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states." *Barron v. Ford Motor Co.*, 965 F.2d 195, 197 (7th Cir. 1992) (citation omitted); *accord Simon v. United States*, 805 N.E.2d 798, 801 (Ind. 2004) (stating that the first step in any conflicts analysis is to determine if a true conflict exists). In the case at bar, the limitations periods for defamation and abuse of process claims in Indiana differ from those in Kentucky. In Indiana, a two-year limitations period is applied to these claims; a one-year statute of limitations applies under Kentucky law. The complaint alleges that, in March 2022, Ms. Alac made the allegedly defamatory statement that ultimately led to the DCS investigation and child abuse substantiation and Plaintiffs filed their complaint on

4

February 1, 2024. Because this date is more than one year but less that two years following March 2022, the difference in limitations periods could impact the survivability of this litigation.

The Court, sitting in diversity jurisdiction, applies the choice of law rules of the forum state, which here, is Indiana. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). "Because in Indiana statutes of limitations are procedural in nature, Indiana choice-of-law rules state that the statute of limitations of the forum state, Indiana, will apply." *Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc.*, 717 F. Supp. 1374, 1385 (S.D. Ind. 1989) (citations omitted), *aff'd*, 917 F.2d 278 (7th Cir. 1990)). This is true even in cases where another state's substantive law applies to the underlying claims at issue. *See Lehman Bros. Holdings, Inc. v. Laureate Realty Servs., Inc.*, No. 1:04-cv-1432-RLY-TAB, 2007 WL 2904591, at *10 (S.D. Ind. Sept. 28, 2007) ("[F]ederal courts sitting in diversity in Indiana routinely apply Indiana's statute of limitations, even where[] … another state's substantive law governs the underlying claims at issue.") (collecting cases). Here, Ms. Alac argues that Plaintiffs' defamation and abuse of process claims are untimely only under Kentucky law, not Indiana law. Because Plaintiffs need only state a plausible cause of action and Indiana's statute of limitations could apply to this claim regardless of whether Kentucky substantive law applies, Ms. Alac's motion, made on the basis that Plaintiffs' claims are barred by Kentucky's limitations period, must be denied.

We turn next to address the choice-of-law issue as to the substantive law. To determine choice-of-law questions for torts, Indiana "employs a modified lex loci delicti

5

analysis" under which "the substantive law of the place of the wrong will usually govern, 'unless the state where the tort occurred is an insignificant contact.' Then Indiana looks to the state with the most significant contacts." *Morgan v. Fennimore*, 429 Fed. App'x 606, 609 (7th Cir. 2011) (quoting *Simon*, 805 N.E.2d at 804) (citations omitted). The lex loci is determined by where "the last event necessary to make an actor liable for the alleged wrong takes place." *Simon*, 805 N.E.2d at 805 (citation and quotation marks omitted).

This is a fact-sensitive inquiry, and here, Ms. Alac relies on facts not contained within the complaint in support of her contention that the substantive law of Kentucky should be applied to the defamation and abuse of process claims alleged against her. Accepting the facts alleged in the complaint as true, as we are required to do at this stage of the litigation, we cannot say as a matter of law that Indiana law could not be found to apply. Accordingly, because Ms. Alac has failed to put forth any argument that the complaint also fails to state a claim under Indiana law, assuming that law is determined to govern this dispute, her motion to dismiss must be denied.

### III. Conclusion

For the reasons set forth above, Defendant Alac's Motion to Dismiss [Dkt. 14] is DENIED.

IT IS SO ORDERED.

Date: 9/25/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Brad A. Catlin
Williams Law Group, LLC
brad@williamsgroup.law

Stephanie Michelle Davis
Office of Attorney General Todd Rokita
stephanie.davis@atg.in.gov

Katherine A Meltzer
Office of Indiana Attorney General
katherine.meltzer@atg.in.gov

Sidney Maria Vieck
Winner Law Group, LLC
vieck@louisvillefamilylaw.com

Louis Winner
Winner Law Group
winner@louisvillefamilylaw.com